IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDEL WILLIAMSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No.2:08cv872-TMH |
| ) | (WO) |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On or around October 30, 2008, Fredel Williamson ("Williamson"), a prisoner at the Federal Prison Camp at Maxwell Air Force Base in Montgomery, Alabama, initiated this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Williamson argues that his sentence for a money laundering conviction in the Northern District of Georgia should have been imposed concurrently – and not consecutively – to his sentence in the Middle District of Georgia for conspiracy to distribute cocaine. He further argues that his counsel at his money laundering sentencing rendered ineffective assistance by failing to ensure that the sentence was imposed currently to his drug conspiracy sentence. For the reasons that follow, this court concludes that Williamson is not entitled to any relief.

**DISCUSSION**

In November 1991, Williamson was convicted in the United States District Court for the Northern District of Georgia on a charge of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(1). He was sentenced to 84 months' imprisonment to be served

consecutively to a sentence imposed in 1989 in the Middle District of Georgia for conspiracy to distribute cocaine. After his money laundering conviction and sentence were upheld on direct appeal, Williamson collaterally attacked his sentence through various motions filed in the Northern District of Georgia, including a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See* Civil Docket for *United States v. Williamson*, 1:95cv2921-JOF (N.D.Ga. 1995) (§ 2255 action); February 16, 2005 Order of District Court in *United States v. Williamson*, Criminal Action No. 1:90cr266-2-JOF (providing history of Williamson's collateral attacks against his sentence). Each of Williamson's previous motions were a variation on the same contention presented in his instant petition, that his money laundering sentence from the Northern District of Georgia should be imposed concurrently to his drug conspiracy sentence from the Middle District of Georgia. All such attempts by Williamson at collateral relief were unsuccessful.

Williamson's claims in the instant petition go to the fundamental legality of his conviction and sentence. The law directs that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by a federal court. "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to ... section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255

2

¶5.

It appears from a review of the petition that Williamson filed this action in this court pursuant to § 2241 in an attempt to circumvent the constraint on successive § 2255 motions contained in 28 U.S.C. § 2244(b)(3)(A).[1]  However, under no circumstances can this court countenance Williamson's circumvention of the procedural restraints contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as 28 U.S.C. § 2255 is not rendered inadequate or ineffective to challenge the legality of a petitioner's detention merely because a subsequent motion under the section would be barred as successive.

The habeas petition, supporting documents, and relevant court records indicate that Williamson's claims would be barred from review in a § 2255 motion before the United States District Court for the Northern District of Georgia by the AEDPA's gatekeeping provisions on successive petitions.  The "inadequate or ineffective" savings clause of 28 U.S.C. § 2255 applies to a claim when (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.  *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).  All the Constitution requires, if it requires anything, is that a reasonable opportunity existed through

---

[1] "Before a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

which an inmate could have pursued judicial relief on his claims. *Id*. "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id*. at 1245.

Williamson does not meet the prerequisites necessary to invoke application of the savings clause of § 2255, thereby precluding relief in a § 2241 proceeding. Initially, it is clear that Williamson's claims are not premised upon a Supreme Court decision issued after his conviction which the Court made retroactively applicable to such conviction. Moreover, Williamson has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Thus, Williamson's challenge to his convictions and sentence are not based upon a retroactively applicable Supreme Court decision. Finally, pertinent federal law did not foreclose Williamson from presenting the claims now before this court at the time these claims otherwise could and should have been raised. Specifically, the pleadings filed herein establish that Williamson had the requisite procedural opportunity to raise the instant habeas claims and have such claims decided during proceedings before the United States District Court for the Northern District of Georgia or on appeal. Williamson also had the opportunity to present his claims in a properly filed § 2255 motion. These opportunities are all the Constitution requires. *Id*. at 1244. The claims pending before this court therefore fail to warrant relief under the savings clause of § 2255.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions

placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245. "[T]he savings clause ... does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts – through statutes like the AEDPA – to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, ... or because an individual is procedurally barred from filing a § 2255 motion....").

In light of the foregoing, this court concludes that Williamson's claims challenging the validity of the conviction and sentence entered against him by the United States District Court for the Northern District of Georgia is not cognizable in a 28 U.S.C. § 2241 petition.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

U.S.C. § 2241 petition for habeas corpus relief filed by Williamson be denied and that this case be dismissed with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before December 1, 2008.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 14th day of November, 2008.

      /s/Wallace Capel, Jr.
      WALLACE CAPEL, JR.
      UNITED STATES MAGISTRATE JUDGE